MRS. E. E. WHITE v. J. T. ROBISON, COMMISSIONER OF THE GENERAL
LAND OFFICE, ET AL.

No. 4219.   Decided March 11, 1925.

(269 S. W., 1113).

**Mandamus—Public Lands—Sale—Forfeiture.**

The Commissioner of the General Land Office having, following the rulings of the Supreme Court in Weaver v. Robison and Watley v. Robison, 114 Texas, pp. 272, 315, reinstated relator as purchaser of public land improperly resold before forfeiture of her rights as previous purchaser, her petition for mandamus to require such action of him is dismissed at her cost on her motion.   (Pp. 417, 418).

Motion by relator to dismiss her petition for mandamus against the Commissioner of the General Land Office, he having granted the relief sought in such proceeding.

The Supreme Court, having referred this case to the Commission of Appeals, Section B, here dismisses same on motion of relator as recommended.

*A. M. Frazier, Black & Morrow,* and *Chas. L. Black,* for relator.

MR. PRESIDING JUDGE POWELL delivered the opinion of the Commission of Appeals, Section B.

This is an original action in mandamus by the relator to require the Land Commissioner of this State to reinstate her claim to a tract of Public free school land in Glasscock County, Texas, which the State had sold her, and, without forfeiting her contract as by law required, proceeded prematurely to advertise the land for resale.

On the third day of March, 1925, the relator filed a motion herein as follows:

"Comes now the Relator, and respectfully shows to the Court that. since the institution of this proceeding, the Respondent. J. T. Robison, Commissioner of the General Land Office of the State of Texas, has voluntarily reinstated the Relator as a purchaser of the land referred to in her petition, and that, therefore, the further prosecution of this proceeding has become unnecessary.

"Accordingly, Relator prays that the cause be dismissed at her cost."

This case is ruled by our opinions in the cases of Weaver v. Robison, Commissioner, and Watley v. Robison, Commissioner, and which opinions were adopted by the Supreme Court on December 20, 1924. See: 268 S. W., 133, and 142, ante, pp. 272, 315.   In those cases

114 Tex. Sup.—27.

we held there could be no valid advertisement such as required by law before the lands advertised were forfeited and that an advertisement and subsequent sale of lands already sold and not forfeited were void. The re-instatement of the relator in the instant case by the Commissioner followed the decisions aforesaid.

We recommend that the aforesaid motion, filed by relator herein, be granted and this cause dismissed at her cost.

Cause dismissed on motion of relator at her cost as recommended by the Commission of Appeals.

*C. M. Cureton,* Chief Justice.